IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD TUMLINSON, TDCJ #01920805, Petitioner, VS. LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | § § § § § § § § § § § § | CIVIL ACTION NO. 3:17-CV-157 |

## **ORDER OF DISMISSAL**

The petitioner, Charles Edward Tumlinson (TDCJ #01920805), pled guilty in Brazoria County to one count each of aggravated sexual assault of a child and indecency with a child by contact. As a result of those pleas, Tumlinson was placed on deferred adjudication for 10 years beginning in November of 2007. *See Tumlinson v. State*, No. 01-14-00238-CR, 2014 WL 7204969, at *1 (Tex. App.—Houston [1st Dist.] Dec. 18, 2014, pet. ref'd). He did not file either a direct appeal or a state habeas petition. On August 2, 2013, the State of Texas filed a motion to adjudicate guilt, alleging four separate violations of the terms of Tumlinson's community supervision. *Id.* The trial court found three of the grounds true, adjudicated Tumlinson's guilt, and sentenced Tumlinson to concurrent prison terms of 30 and 20 years. *Id.* The First Court of Appeals of Texas affirmed the trial court, and the Texas Court of Criminal Appeals ("TCCA") denied review on April 22, 2015. *Id.*; *see also* Texas Court of Criminal Appeals Case Number PD-0121-15.

On March 23, 2017 (Dkt. 1 at p. 5),[1] Tumlinson filed a handwritten "petition for trial by jury." The Court construed the filing as a petition for federal habeas relief under 28 U.S.C. § 2254 and ordered Tumlinson to show cause why the petition should not be dismissed as time-barred (Dkt. 5). Tumlinson has now moved to withdraw his initial pleading, insisting that he did not intend to file a federal habeas petition (Dkt. 8). He has also filed another "motion for trial by jury" (Dkt. 9).

Tumlinson's request is mystifying: if he seeks a trial by jury but does not want to file a federal habeas petition, then this Court can do nothing for him. What Tumlinson is seeking is essentially "a conditional order of release unless the State elects to retry [him]," which is exactly how the United States Supreme Court describes "[t]he typical relief granted in federal habeas corpus[.]" *Herrera v. Collins*, 506 U.S. 390, 403 (1993). A civil rights action is off the table[2]—habeas corpus is the exclusive remedy for a prisoner who is challenging the fact or duration of his confinement and seeking an immediate or speedier release. *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a §1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.") (citations and quotation marks omitted). However, given

---

[1] The pleading is deemed filed on the date on which Tumlinson deposited it into the prison mailing system. *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). The Court is assuming that Tumlinson deposited the pleading into the prison mailing system on the date on which he signed it. The envelope was actually postmarked on a much later date: May 5, 2017 (Dkt. 1-1).

[2] In any event, to add to the confusion, Tumlinson has only paid the $5.00 filing fee for habeas actions, not the $400.00 filing fee for a civil rights action.

Tumlinson's continued insistence that he does not want to proceed under Section 2254, the Court will construe Tumlinson's pleadings as a request for injunctive relief under 42 U.S.C. § 1983. That request is barred by the *Heck v. Humphrey* rule. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Clarke v. Stalder*, 154 F.3d 186, 190–91 (5th Cir. 1998); *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 160–61 (5th Cir. 1995).

The dismissal will be without prejudice. However, Tumlinson is cautioned that, if he files another challenge to his confinement with this Court, the Court will construe it as a federal habeas petition and will again order Tumlinson to show cause why the petition should not be dismissed as time-barred.

Based on the foregoing, this case is **DISMISSED WITHOUT PREJUDICE**. All pending motions are **DENIED**.

The Clerk of this Court shall send a copy of this Order to the parties.

SIGNED at Galveston, Texas, on September 13, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE